UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr- 00227-SI |
| v. | INFORMATION |
| JEREMIAH DAVID CRUZ, KYLE LEE CERKONEY, and ROBERT BENJAMIN KAWIKA DAWE, | 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), (b)(1)(B)(vii); 21 U.S.C. § 846 18 U.S.C. § 1956(h) |
| Defendants. | Forfeiture Allegation |

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT ONE**
**(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)**
**(21 U.S.C. § 841(a)(1), (b)(1)(A)(vii) and § 846)**

Beginning in or about January 2019, and continuing to on or about October 29, 2020, in the District of Oregon and elsewhere, defendant**s JEREMIAH DAVID CRUZ** and **KYLE LEE CERKONEY** did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to the government, to distribute, and possess with intent to distribute, 1000 kilograms or more of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vii), and 846.

## COUNT TWO
### (Conspiracy to Launder Monetary Instruments)
### (18 U.S.C. § 1956(h))

Beginning on or about January 2019 and continuing to on or about October 29, 2020, within the District of Oregon and elsewhere, **JEREMIAH DAVID CRUZ** and **KYLE LEE CERKONEY**, defendants herein, did knowingly combine, conspire, and agree with each other, and others known and unknown to the government to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is Unlawful Distribution of a Controlled Substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is Unlawful Distribution of a Controlled Substance, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE
### (Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)
### (21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and § 846)

Beginning in or about November 2019, and continuing to on or about October 29, 2020, in the District of Oregon and elsewhere, defendant **ROBERT BENJAMIN KAWIKA DAWE**, did unlawfully and knowingly combine, conspire, confederate and agree with others known and unknown to the government, to distribute, and possess with intent to distribute, 100 kilograms or more of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vii), and 846.

## FIRST FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Information, **JEREMIAH DAVID CRUZ** and **KYLE LEE CERKONEY**, defendants herein, and upon conviction of the offense alleged in Count Three of this Information, **ROBERT BENJAMIN KAWIKA DAWE**, defendant herein, shall forfeit to the United States pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## SECOND FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count Two of this Information, **JEREMIAH DAVID CRUZ** and **KYLE LEE CERKONEY**, defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in the money laundering offense and all property traceable to such property.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described in these forfeiture allegations.

DATED: July 8, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Julia E. Jarrett*
JULIA E. JARRETT
Assistant United States Attorney